Case: 18CO1:21-cv-00579   Document #: 2   Filed: 08/20/2021   Page 1 of 12

FILED
AUG 2 0 2021
*[signature]*
FORREST COUNTY CIRCUIT CLERK

IN THE COUNTY COURT OF FORREST COUNTY, MISSISSIPPI

**DORIS DARTY**                                                                              **PLAINTIFF**

**VS**                                                                                    NO. 21-579

**WAL-MART STORES, INC.; AND**
**JOHN AND JANE DOES 1-10**                                       **DEFENDANTS**

## COMPLAINT

**COMES NOW** the Plaintiff, Doris Darty, by and through his attorney of record, and file this, his complaint, against the Defendants, Wal-Mart Stores, Inc. and John and Jane Does 1-10 and in support hereof would respectfully show unto the Court the following, to-wit:

### PARTIES

1. The Plaintiff, Doris Darty, is a resident citizen of Forrest County, Mississippi residing at 117 Wisteria Drive, Hattiesburg, Mississippi 39401.

2. Defendant Wal-Mart Stores, Inc. is an Arkansas entity authorized to do business in the State of Mississippi. Defendant Wal-Mart Stores, Inc. can be served with process of this Court through its registered agent, CT Corporation System at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

3. Defendant John and Jane Does 1-10 are fictitious Defendants, the true identity of each is unknown to the Plaintiff, and who are parties herein pursuant to Rule 9(h) of the Mississippi Rules of Civil Procedure. More specifically, John and Jane Does constitute the class of organizations, companies, or individuals unknown to Plaintiff at this time that through their negligence, conspiracy, concealment, or otherwise caused Plaintiff's damage or delayed Plaintiff's access to judicial relief. The group includes any owners, management entities,


DEFENDANT'S EXHIBIT A

insurance companies, managers, or agents and employees of the above-named Defendant or any entity or individual related to them or associated with this business location and dates of service as described herein. Plaintiff reserves the right to amend this complaint upon discovery of the true identity of each fictitious Defendant, with service of process to be executed on each party.

4. At all times relevant to this action, Defendant Wal-Mart's employees, including John and Jane Doe 1-10, were acting in the scope of his or her agency and employment with the Defendant named herein. Accordingly, Defendant Wal-Mart is vicariously responsible for the alleged acts and omissions of its employees, as well as any other employees, agents, individuals, or managers that were negligent while acting on behalf and for the Defendant named herein.

## JURISDICTION AND VENUE

5. Plaintiff would show that the cause of action complained of herein accrued or occurred in Forrest County, Mississippi, that this Honorable Court has jurisdiction over the subject matter and the parties, and that venue is proper in the Circuit Court of Forrest County, Mississippi.

## STATEMENT OF FACTS

6. On or about April 24, 2020, Plaintiff was an invitee of the Wal-Mart Supercenter #916 In Hattiesburg, Mississippi located at 6072 US 98, Hattiesburg, Mississippi 39402.

7. As an invitee, the Defendant owed Plaintiff a duty to keep the premises in a reasonably safe condition and, when and where not reasonably safe, to warn of hidden dangers.

8. As the Plaintiff was shopping, she slipped on an unknown liquid that was in the walkway and/or aisle in the electronics department. The wet floor, which constituted a dangerous condition, was not known to the Plaintiff. As a result, Plaintiff was seriously injured.

9. At all times relevant hereto, the Defendant owned, operated, occupied, leased,

maintained, inspected, cleaned, controlled, supervised, managed, and repaired the premises on which Plaintiff was injured.

10. The Defendant, and its agents and/or employees, failed to fulfill their joint, several, and collective duty to use reasonable care and to take adequate and reasonable safety precautions or measures to protect invitees on the premises from foreseeable harm and danger; including the harm suffered by the Plaintiff.

11. The Defendant was on notice of the dangers; more specifically, the Defendant knew or should have known about the wet floor in the aisle of the store. However, the Defendant failed to take reasonable measures to prevent foreseeable safety hazards.

12. Plaintiff was not aware of the above-referenced dangerous condition caused by the Defendant. Likewise, there were no warning signs present in the area warning Plaintiff, or other visitors, of this dangerous condition.

13. As a direct result of his fall and because of the negligence of the Defendant named herein, the Plaintiff has sustained significant personal injury.

## COUNT I- NEGLIGENCE/FAILURE TO WARN

14. Plaintiff herein incorporates by reference Paragraphs 1-13 of the Complaint.

15. The Defendant owed Plaintiff the duty of ordinary and reasonable care to keep the premises in a reasonably safe condition and when not reasonably safe, to warn of dangerous conditions not readily apparent, which Defendant and its employees knew or should have known of in the exercise of reasonable care.

16. Further, Wal-Mart owed a duty to the public, including the Plaintiff, to exercise reasonable care to provide a safe environment, to conduct regular and necessary upkeep of the floors, to provide safe ingress and egress to the floors, and/or to properly and timely inspect and

clean up dangerous and hazardous conditions on the floors. The Defendant was careless and negligent in the maintenance, inspection, and cleaning of the floors.

17. Defendant was negligent in that it did not properly warn Plaintiff of the dangerous conditions then present upon the premises and did not properly inspect and maintain the area causing injury to the Plaintiff. The Defendant knew, or in the exercise of reasonable care, should have known that the Plaintiff would be subject to accident and injury from the unsafe conditions on the premises.

18. Plaintiff was without notice that said area was dangerous. Plaintiff used due care for her own safety as an invitee and patron of Defendant's premises, and in no manner contributed to the accident.

19. The Defendant's actions, by and through, its employee's acts and/or omissions which constituted a departure from ordinary standards, amounted to negligence and said negligence was the proximate cause of the Plaintiff's injuries, in the following nonexclusive particulars:

    a. Failure to use reasonable care in the inspection of the premises:

    b. Failure to use reasonable care to make the premises safe;

    c. Failure to warn of non-obvious hazards and inherent dangers to Plaintiff and others visiting the store owned by Defendant;

    d. Failure to use reasonable care in the maintenance of the premises;

    e. Any and all negligence that may be shown at a trial on the merits;

20. But for the negligence of the Defendant in failing to properly maintain its premises, or warn of the dangers present, the Plaintiff would not have been injured. Defendant breached the above duties causing Plaintiff to suffer severe harm.

## COUNT II- NEGLIGENT HIRING/RETENTION/SUPERVISION/TRAINING

21. The Plaintiff adopts by reference paragraphs 1-20 above.

22. The Defendant was further negligent in the hiring, retention, supervision, and/or training of its employees. Specifically, the Defendant failed to provide adequate training, supervision, and/or oversight to eliminate hidden dangers to the public and to the Plaintiff. The direct and proximate causes of Plaintiff's injuries were as a result of said Defendant's negligent acts. But for these negligent acts and/or omissions the harm suffered by Plaintiff would have been avoided.

## DAMAGES

23. As a result of the Defendant's conduct, the Plaintiff has suffered and seeks recovery for the following damages:

   a) Past, present and future medical bills incurred for the treatment of her injuries;

   b) Physical pain and suffering;

   c) Mental anguish and emotional distress;

   d) Loss of enjoyment of life:

   e) Economic losses, wages, loss of wage earning capacity, and benefits;

   f) Any and all other compensatory damages recognized under Mississippi law

24. The negligence and above alleged acts and/or omissions of the Defendant were the proximate and/or contributing cause of the Plaintiff's injuries and his damages.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests a trial by jury and demands judgment of, from and against the Defendant for actual and compensatory damages in a sum not to exceed the jurisdictional limits of this Court, together for all costs of these proceedings, including expert witness fees, to be accessed as costs of court, and for all legal and

equitable relief this Honorable Court shall find appropriate from the date of the incident herein.

Respectfully submitted, this the  10th  day of August, 2021.

DORIS DARTY, PLAINTIFF

By: _____
Seth C. Little (MSB #102890)
Attorney for the Plaintiffs

SCHWARTZ & ASSOCIATES, P.A.
162 EAST AMITE STREET
P.O. BOX 3949
JACKSON, MISSISSIPPI 39207-3949
(601) 974-8682
slittle@1call.org

## IN THE COUNTY COURT OF FORREST COUNTY, MISSISSIPPI

**DORIS DARTY**                                                                                    **PLAINTIFF**

**VS**                                                                          **CAUSE NO. 21-579**

**WAL-MART STORES, INC.; AND**
**JOHN AND JANE DOES 1-10**                                                     **DEFENDANTS**

### SUMMONS

THE STATE OF MISSISSIPPI

    TO:    Wal-Mart Stores, Inc.
            c/o CT Corporation System
            645 Lakeland East Drive, Suite 101
            Flowood, Mississippi 39232

### NOTICE TO DEFENDANT

**THE COMPLAINT AND DISCOVERY, WHICH IS ATTACHED TO THIS SUMMONS, IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.**

You are required to mail or hand-deliver a copy of a written response to the Complaint to the Honorable Seth C. Little, the attorney for the Plaintiff, whose address is 162 East Amite Street, Jackson, Mississippi 39201 and mailing address of Post Office Box 3949, Jackson, Mississippi 39207-3949.

Your response must be mailed or delivered within **thirty (30) days** from the date of delivery of this summons and complaint or a judgment by default will be entered against you for the money or other things demanded in the complaint. Your responses to the Interrogatories and Request for Production of Documents must also be delivered within **forty five (45) days** from the date of service.

You must file the original of your response with the Clerk of this Court within a reasonable time afterward.

Issued under my hand and the seal of said Court, this the 20 day of August, 2021.

_Gwen Wilks_ By: _Rebecca Price_
County Court Clerk of Forrest County, Mississippi



**Service of Process Transmittal**
09/23/2021
CT Log Number 540297919

**TO:** Kim Lundy- Email
Walmart Inc.
702 SW 8TH ST
BENTONVILLE, AR 72716-6209

**RE:** Process Served in Mississippi

**FOR:** Wal-Mart Stores, Inc. (Former Name) (Domestic State: DE)
WALMART INC. (True Name)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Re: Darty Doris // To: WALMART INC. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint(s), First Request, Certificate(s), First Interrogatories |
| **COURT/AGENCY:** | Forrest County Court, MS<br>Case # 21579 |
| **NATURE OF ACTION:** | Personal Injury - Slip/Trip and Fall - 04/24/2020 - Wal-Mart Supercenter #916 - 6072 US 98, Hattiesburg, Mississippi 39402 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Flowood, MS |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/23/2021 at 15:47 |
| **JURISDICTION SERVED:** | Mississippi |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days from the date of delivery (Document(s) may contain additional answer dates) |
| **ATTORNEY(S) / SENDER(S):** | Seth C. Little<br>Schwartz & Associates, P.A.<br>Post Office Box 3949<br>162 East Amite Street<br>Jackson, MS 39207-3949<br>601-974-8682 |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/24/2021, Expected Purge Date: 09/29/2021<br><br>Image SOP |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>645 Lakeland East Drive<br>Suite 101<br>Flowood, MS 39232<br>877-564-7529<br>MajorAccountTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.